**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SIENA DEL LAGO CONDOMINIUM ASSOCIATION, a Washington nonprofit corporation, | No. 13-36005 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-00251-TSZ |
| v. | MEMORANDUM[*] |
| AMERICAN FIRE AND CASUALTY COMPANY, | |
| Defendant, | |
| and | |
| MT. HAWLEY INSURANCE COMPANY, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, Senior District Judge, Presiding

Argued and Submitted April 4, 2016
Seattle, Washington

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before:  HAWKINS, RAWLINSON, and CALLAHAN, Circuit Judges.

Appellant Siena Del Lago Condominium Association (Siena) appeals the district court's grant of summary judgment in favor of Appellee Mt. Hawley Insurance Company (Mt. Hawley).  Siena contends that the district court erred in holding that Mt. Hawley reasonably denied coverage for property damage at Siena's condominium building caused by faulty workmanship and wind-driven rain.  Siena maintains that Mt. Hawley was required to provide coverage based on its difference in conditions policy because Siena's underlying policies did not provide coverage for the damage.

Under its policy provisions, Mt. Hawley reasonably denied coverage. Exclusion 7(A)(3) bars coverage for other perils to the same extent they are insured against under the underlying policies, and Exclusion 7(P) bars coverage for faulty workmanship.  Summary judgment was warranted because Siena failed to raise a material issue of fact regarding coverage for faulty workmanship, wind-driven rain, collapse, or any combined perils.  *See Sharbono v. Universal Underwriters Ins. Co.*, 161 P.3d 406, 413 (Wash. Ct. App. 2007), *as amended* ("If an insurance contract's language is neither ambiguous nor difficult to comprehend, we will enforce the intent expressed in the policy regardless of what coverage the insured may have thought he had.") (citation omitted).

2

The district court properly dismissed Siena's bad faith claim and claims under the Insurance Fair Conduct Act and Consumer Protection Act because Mt. Hawley reasonably denied coverage. *See Pleasant v. Regence Blue Shield*, 325 P.3d 237, 247 (Wash. Ct. App. 2014) ("A reasonable basis for denial of an insured's claim constitutes a complete defense to any claim that the insurer acted in bad faith or in violation of the Consumer Protection Act.") (citation and alteration omitted).[1]

**AFFIRMED.**

---

[1] Because Siena demonstrated no error in the district court's decision, its motion for reconsideration was properly denied on the merits. *See Michelman v. Lincoln Nat. Life Ins. Co.*, 685 F.3d 887, 899 (9th Cir. 2012) (holding that "[b]ecause the district court's summary judgment order was proper, the court did not abuse its discretion by denying . . . [the plaintiff's] motion for reconsideration").